1    Timothy J. Burke (181866)
     STULL, STULL & BRODY
2    10940 Wilshire Boulevard
     Suite 2300
3    Los Angeles, CA 90024
     Tel:    (310) 209-2468
4    Fax:    (310) 209-2087

5    Jules Brody
     Howard T. Longman
6    STULL, STULL & BRODY
     6 East 45th Street
7    New York, NY 10017
     Tel:    (212) 687-7230
8    Fax:    (212) 490-2022

9    Gary S. Graifman                          Gary E. Mason
     KANTROWITZ GOLDHAMER                       Charles A. Schneider
10   & GRAIFMAN                                 THE MASON LAW FIRM, PC
     747 Chestnut Ridge Road                    1225 19th Street NW
11   New York, NY 10977                         Suite 500
     Tel:    (845) 356-2570                     Washington, DC 20036
12   Fax:    (845) 356-4335                     Tel:    (202) 429-2290
                                                Fax:    (202) 429-2294
13
     Attorneys for Plaintiffs
14

15

16                  **UNITED STATES DISTRICT COURT**

17                  **NORTHERN  DISTRICT OF CALIFORNIA**

18

19   DAVID BELL and GARY ERLINGER,        )     CASE NO. C 05 2971 CW
     Individually and on Behalf of All Others  )
20   Similarly Situated,                  )     **CLASS ACTION**
                                          )
21                      Plaintiffs,       )     STIPULATION AND ~~[PROPOSED]~~
                                          )     ORDER OF DISMISSAL
22            v.                          )
                                          )
23   DAIMLERCHRYSLER CORP.,               )
                                          )
24                      Defendant.        )
                                          )
25   _____ )

26

27

28

1    **IT IS HEREBY STIPULATED AND AGREED** by and between the parties through their

2    undersigned counsel as follows:

3    1.    The parties to this action (the "Action") enter into this stipulation of dismissal

4    pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

5    2.    Plaintiffs hereby dismiss the within Action with prejudice and pursuant to the terms

6    of the Final Judgment and Order entered in the related action, *Lubitz, et al v. DaimlerChrysler*

7    *Corp.*, Docket No. BER-L-4883-04 (the "*Lubitz* Action"), in the State Court of the State of New

8    Jersey, a copy of said Final Judgment and Order being attached hereto and made as part hereof.  As

9    set forth in the Final Judgment and Order, the *Lubitz* Action included and settled the claims of

10   Plaintiffs in the within action and proper notice was given to the class in the form approved by the

11   court in *Lubitz*.  The parties agree that there shall be no further proceedings relating to the filing or

12   maintenance of this Action.

13   3.    As the within action was stayed pending Final Approval of the *Lubitz* Action and as

14   the *Lubitz* Action has now received such Final Approval, the parties respectfully request that the

15   Court enter the accompanying Order of Dismissal.

16   **ATTESTATION OF GARY S. GRAIFMAN**

17   I, Gary S. Graifman, hereby attest that the contents of this document are acceptable to all

18   persons required to sign it.  I further attest that I have on file all holograph signatures for any

19   signatures indicated by a "conformed" signature (/s/) within this efiled document.

20

21   Gary S. Graifman
     KANTROWITZ GOLDHAMER
22   & GRAIFMAN

23   Dated: March 12, 2007          By:      s/ Gary S. Graifman
                                             Gary S. Graifman
24                                           747 Chestnut Ridge Road
                                             New York, NY 10977
25                                           Tel:    (845) 356-2570
                                             Fax:    (845) 356-4335
26
                                             Timothy J. Burke
27                                           STULL, STULL & BRODY
                                             10940 Wilshire Boulevard
28                                           Suite 2300

2

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**
**CASE NO. C 05 2971 CW**
F:\WPDATA\Aer\DaimlerChrysler\California Action\Stip  PO re Dismissal (2).wpd

1

Los Angeles, CA 90024
Tel:    (310) 209-2468

2

Fax:    (310) 209-2087

3

Jules Brody
Howard T. Longman

4

STULL, STULL & BRODY
6 East 45th Street

5

New York, NY 10017
Tel:    (212) 687-7230

6

Fax:    (212) 490-2022

7

8

Gary E. Mason
Charles A. Schneider

9

THE MASON LAW FIRM, PC
1225 19th Street NW

10

Suite 500
Washington, DC 20036

11

Tel:    (202) 429-2290
Fax:    (202) 429-2294

12

**Attorneys for Plaintiffs**

13

14

//

15

//

16

//

17

James P. Fogelman
GIBSON, DUNN & CRUTCHER LLP

18

19

20

Dated: March 12, 2007          By:      s/ James P. Fogelman

21

James P. Fogelman
333 South Grand Avenue

22

Los Angeles, CA 99071
Tel:    (213) 229-7000

23

Fax:    (213) 229-7520

24

**Attorneys for Defendant**

25

26

27

28

3

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**
**CASE NO. C 05 2971 CW**
F:\WPDATA\Aer\DaimlerChrysler\California Action\Stip  PO re Dismissal (2).wpd

1

### ~~[PROPOSED]~~ ORDER

2    Pursuant to Fed. R. Civ. P. 23(e) and 41(a)(1)(ii), the Court has reviewed this Stipulation of

3 Dismissal and hereby approves the dismissal of this Action.

4    All parties shall bear their own costs, expenses, attorney's and other fees in connection with

5 this Action.

6

7

8 Dated: _____   _____

      3/14/07

9                  Honorable Claudia Wilken
                United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**
**CASE NO. C 05 2971 CW**
F:\WPDATA\Aer\DaimlerChrysler\California Action\Stip  PO re Dismissal (2).wpd

# EXHIBIT A

ROBERT LUBITZ, ALBERTO LEMUS, JEROME ROTHSTEIN, TARA L. BECRAFT, DAVID BELL, GARY ERLINGER, THOMAS BODER, JIM WIGGERS, ELDON RIDNER, MICHAEL ANN BOWLES, JENNA McCANN, CHRISTOPHER FULTON, HELEN J. HALSTEAD, DONNA F. FREDERICK, JAMES M. KENDALL, JOHN J. JACKSON, STEVEN BUSBY, PHILLIP A. HAIGHT, MIKE STOS, PAM STOS, VICTOR J. JODTS, JASON HOVER, WHITNEY KEETON, RICHARD KILL, SHERRI PEARSON, JILL HOLSTEIN, PEGGY MALOTTE, RONALD WALTERS and LARRY WRIGHT on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

DAIMLERCHRYSLER CORPORATION,

Defendant.



JAN 1 1 2007

JONATHAN N. HARRIS
J.S.C.

**SUPERIOR COURT OF NEW JERSEY LAW DIVISION : BERGEN COUNTY**

DOCKET NO. BER-L-4883-04

CIVIL ACTION

## FINAL JUDGMENT AND ORDER

**THIS MATTER HAVING** come before the Court for a hearing on October 30, 2006, pursuant to a joint motion of the parties pursuant to Rule 4:32-4, to determine whether the Settlement Agreement between the named plaintiffs ("Plaintiffs"), identified in the Second Amended Consolidated Class Action Complaint filed herein, individually and on behalf of the proposed Settlement Class (the "Class"), and Defendant DaimlerChrysler Corporation ("DCC" or "Defendant") is fair and reasonable and should be approved as being in the best interests of the Class, and for the purpose of determining attorneys' fees and

costs to be awarded;[1]

Notice of the hearing, the Settlement ,and the application for attorneys' fees and reimbursement of expenses having been given to members of the Class as directed by this Court's Order of June 1, 2006, and Proof of Notice having been filed with the Court;

All persons present or represented at the hearing, who were entitled to be heard pursuant to the Notice, having been given an opportunity to be heard;

Counsel for the parties having appeared in support of the Settlement, including Lead Counsel and Class Counsel;

Class Counsel having represented to the Court that, in their opinion, the Settlement is fair, reasonable and adequate and in the best interests of the Class; and

The Court having considered all documents filed in support of the Settlement and fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court, and the Court having rendered a decision on December 21, 2006;

**IT IS ORDERED, ADJUDGED AND DECREED** on this _____11_____ day of _____JANUARY_____, 2007, that:

    1.    This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class.

    2.    This action may be maintained as a class action.

    3.    The following Settlement Class, provisionally certified, by the Court in

---

[1]    All capitalized terms in this Order shall be given the meaning assigned to them in the Settlement Agreement.

its Order dated June 1, 2006, is hereby certified under Rule 4:32-1(a) and (b)(3):

All persons in the United States who either bought or leased a 1999-2004 model year Jeep Grand Cherokee between May 1, 1998 and the present, excluding fleet and governmental purchasers and lessees.

The proposed class will consist of three subclasses: the "1999-2002 Model Years Subclass" consisting of all members of the Settlement Class who bought or leased a model-year 1999-2002 Jeep Grand Cherokee vehicle; the "2003-2004 Model Years Expired Warranty Subclass" consisting of all members of the Settlement Class who bought or leased a model-year 2003-2004 Jeep Grand Cherokee vehicle, and whose Warranty Period may now be expired; and the "2003-2004 Model Years Warranty Subclass" consisting of all members of the Settlement Class who bought or leased a model-year 2003-2004 Jeep Grand Cherokee vehicle, except members of the 2003-2004 Model Years Expired Warranty Subclass (also referred to as the "proposed Subclasses").

4.     The Court finds on the record before it that the proposed Class and each of the proposed Subclasses meet the requirements for class certification of Rule 4:32-1(a)(1) because the Class and each respective Subclass is so numerous that joinder of all members is impracticable, there being over 100 members of the Class and each Subclass.

5.     The Court finds on the record before it that the Class and proposed Subclasses meet the requirement for class certification of Rule 4:32-(a)(2) because there are questions of law or fact common to the Class: whether there were common defects affecting the brakes of the Subject Vehicles of all Class members;  whether the general express warranty of DCC, which was of a duration of 36 months or 36,000 miles (the "Warranty Period"), should have covered the brakes of the Subject Vehicles, as applied to the particular alleged brake defect herein, to wit, brake judder or brake pulsation; whether as a result of the common defect, there was a breach of implied warranty; whether there was a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 (the "NJ CFA") and the similar

consumer statutes of the other states throughout the United States.

6.     The Court finds on the record before it that the proposed Class meets the requirement for class certification of Rule 4:32-1(a)(3) because the named Plaintiffs' claims are typical of the claims of the Class and Subclasses as a whole.  The claims of the named Plaintiffs listed in the Second Amended Consolidated Class Action Complaint have the requisite "essential characteristics common to the claims of the class," In Re Cadillac V8-6-4 Class Action, 93 N.J. 412, 425 (1983), because they claim that DCC violated its express warranty by refusing to repair the alleged defective brake condition within the Warranty Period and that said Plaintiffs also alleged that DCC engaged in a breach of express warranty, breach of implied warranty, breach of contract, and violation of the NJ CFA and the similar consumer statutes of the other states throughout the United States, by its acts and that it knew or should have known that the claimed defect was covered under and was within the Warranty Period.  These claims arise from the alleged facts, such as, defendant's alleged installation of defective brakes on the subject vehicles and alleged failure to make the repairs within the Warranty Period.

7.     The Court finds on the record before it that the Class meets the requirements for class certification of Rule 4:32-(a)(4) because Plaintiffs and their Class Counsel have adequately represented and will continue to adequately represent and protect the interests of the Class.  This requirement has three prongs: it requires the Court to consider the named Plaintiffs' commitment to the litigation, whether they have any interests antagonistic to those of the Class, and, finally, the ability and experience of its Class.  At minimum, Plaintiffs have demonstrated that they were willing to vigorously litigate this matter; they sought out and cooperated with counsel in the development and

pursuit of this action; and submitted to discovery of their claims and inspection of their vehicles, when requested; Plaintiffs have no interests antagonistic to the interests of the Class in obtaining relief as requested; and finally, Plaintiffs hired able counsel with extensive experience in class action litigation, who have vigorously prosecuted this matter on its behalf and on behalf of the Class.

8.    The Court finds on the record before it that the proposed Settlement Class is appropriate for certification under Rule 4:32-1(b)(3) because common issues of law or fact predominate over individual issues and a class action is superior to other available methods for the fair and effective adjudication of the controversy. In assessing whether a settlement class may be certified under this provision, the Court need not determine whether the same class would present intractable management problems if certified for purposes of litigation. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S. Ct. 2231, 2248 (1997) (construing analogous provision of Federal Rules of Civil Procedure). In this case, each class member has a relatively small claim for damages and therefore little interest in controlling the prosecution of his or her individual claim, and the difficulties in managing this action, at least as a Settlement, are minimal. In addition, not only are the same universe of legal principles employed but the alleged actions of Defendant are discrete, and similar and confined to a distinct area of its manufacture and warranty satisfaction operations and thereby involve a cohesive set of proofs that lends itself to class action treatment.

9.    The individual Notice by mail, given to members of the Class and to members of the Subclasses and the maintenance of the internet website at www.DCCSettlement.com, and a toll-free voicemail system constitutes the best notice

practicable to class members, constitutes full and adequate notice and is in full compliance with the requirements of Rule 4:32-4 and due process of law. In addition, the Court finds the substance of the notice adequate.

10.    The Court finds that the Settlement and the Settlement Agreement are the product of arms length negotiations between the parties and that the terms thereof are fair and reasonable and in the best interests of the Class and are therefore approved and incorporated herein by the Court.

11.    The Settlement and Settlement Agreement should be implemented and consummated in accordance with the terms of the Settlement Agreement. To the extent already implemented by DCC, such implementation is hereby approved and ratified by the Court.

12.    This action and any and all "Released Claims" as that term is defined in the Settlement Agreement Paragraph 30, that the Class or any member of the Class had, now have, or hereinafter can have, shall or may have, from the beginning of the Class Period to the Effective Date (as defined in the Settlement Agreement), which is based upon or related only to the brakes of any owned or leased model-years 1999-2004 Jeep Grand Cherokee vehicle, including but not limited to those asserted in the Second Amended Consolidated Nationwide Class Action Complaint herein, are hereby released and DISMISSED, on the merits, with prejudice and without costs, as to the Class and any member of the Class and any claim thereupon barred, except for the following: (a) Released Claims do not include claims for personal injury, wrongful death or property damage; (b) further, to the extent that a Jeep vehicle is still within the warranty period, as defined in the vehicle's information booklet, this release shall not limit or extinguish any express warranty

CH/249413v1

detailed in the warranty information booklet; and (c) this release shall not limit, extinguish, or expand any express parts warranty applicable to any parts installed on any Subject Vehicle after its original purchase; (d) the Released Claims shall not apply to those members who have properly excluded themselves (e.g., opted out).

13.     All members of the Class, and each of them (excluding members who have properly requested exclusion) are permanently barred and enjoined from instituting or prosecuting, either directly or indirectly, any of the Released Claims that the Class or any member of the Class had, now have, or hereafter can, shall, or may have, from the beginning of the Class Period to the Effective Date, based upon or related only to the brakes of the Subject Vehicles whether actual or purported, alleged or which could have been alleged, in this action, including but not limited to any and all claims against DCC and/or any of its past or present officers, directors, agents, designees, servants, sureties, attorneys, employees, parents, associates, controlling or principal shareholders, general or limited partners or partnerships, subsidiaries, divisions, affiliates, insurers and all predecessors or successors in interest, assigns or legal representatives.  Notwithstanding the above, the parties retain the right to enforce the terms of the Settlement Agreement as those relate to the payment of the Settlement Fund to the extent each Class member has a right to reimbursement therein; and to the extent any Class member in the "2003-2004 Model Years Expired Warranty Subclass" and the " 2003-2004 Model Years Warranty Subclass" has a right to a brake inspection and repair; and to the extent of each of the exceptions set forth in 12(a) through (c) above, which exceptions are incorporated herein by reference.

14.     It is expressly determined, within the meaning of the New Jersey Rules of Court, that there is no just reason for delay and the entry of this Judgment expressly is

hereby directed. In the event that this Judgment is appealed, its mandate will automatically be stayed until and unless the Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

15.   This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

16.   Attorneys' fees and reimbursement of expenses to counsel for the Class in the total amount of $2,210,132 are hereby approved as fair and reasonable and DCC shall pay them in accordance with the terms of the Settlement Agreement.

17.   Payments of awards to the twenty eight (28) named Plaintiffs shall be made directly by Defendant (e.g., not from the Settlement Fund) as compensation for their time, effort and incurring of individual expenses, in the total aggregate amount of $77,500 to be paid and distributed to said named Plaintiffs identified in Paragraph 88 of the Settlement Agreement in the amounts and manner set forth in the Settlement Agreement, and agreed upon therein by the parties.

18.   Any and all objections to the Settlement and the Settlement Agreement are overruled as being without merit.

19.   Jurisdiction is hereby reserved by the Court over the consummation of the Settlement in accordance with the Settlement Agreement.

20.   In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void.

CH/249413v1

21.   The parties are directed to carry out their obligations under the Settlement Agreement.

22.   Class Counsel shall serve a copy of this Order on all named parties or their counsel within seven (7) days of receipt.

SO ORDERED

Honorable Jonathan N. Harris, J.S.C.

Opposed    X

Unopposed ____

CH/249413v1